### DENNISTOUN & AL, vs, DEBUYS & AL.

If it be admitted that two persons have taken a third in business, and it appears they made him an advance of several thousand dollars, the interest of which is to be regulated by the profit—then they supply him with goods,

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiffs claim the balance of an account, annexed to the petition.

Duprey, one of the defendants, interrogated separately, answered, that a partnership existed between himself and the two defendants at the time the goods were purchased—that they

were so, for the account of the three defen-

dants.

Debuys & Longer, before answering, pray-ed that the interrogatories put singly to their co-defendant Dupuy, might be struck out, be-ing illegal and improper.

They finally pleaded the general issue, and expressly denied the existence of a partnership between them and Dupuy, and repeated their prayer, that the interrogatories put singly to the latter, and his answers, be stricken out.

The plaintiff was nonsuited, and appealed.

He infers the court erred in concluding he had not found sufficient testimony to establish a partnership between Debuys & Longer, and the defendant Dupuy.

It is in evidence that the defendant, Longer, admitted that Debuys & Longer had taken Dupuy in business, and an account current between them and Dupuy shews that they made him an advance of eight thousand dol-lars, *to aid him in his business*, the interest of which *was to be determined by the profits—au prorata des benefices.*

The same account current shews the de-fendants, Debuys & Longer, supplied Dupuy with goods, or paid for goods shipped to him,

Eastern Dis't.
*May*, 1827.

DENNISTOUN
& AL.
*vs.*
DEBUYS & AL:

pay for others shipped to him, supply him with mo-ney, and pay his drafts, a partnership will be infer-red.

Eastern Dis't.
*May*, 1827.

DENNISTOUN
& AL.
*vs.*
DEBUYS & AL. and supplied him with money and their notes, and paid his drafts.

We think this is evidence, that the defendants, Debuys & Longer, furnished a capital to Dupuy, to be employed in a trade, in the profits of which they were to share, since, for the use of the capital so employed, they were to receive an interest *proportioned* to the pro_fits, *au prorata des bencfices*; it is then necessarily to be concluded, that they were to share in the profits that might result from the purchases made on the credit which the possession of the capital they advanced him gave; because the profits made on such purchases swelled the profits made by Dupuy in his business, and thus increased the share of Debuys & Longer, by increasing the rate of interest they had contracted for; a rate of interest which might exceed the rate of conventional interest, because, peradventure, they might not only lose any claim to interest; and, as to Dupuy, they could not be compelled to bear any portion of the loss, on which we give no opinion, as to creditors, they might be charged, as partners, beyond the capital advanced.

It is, however, shewn that the goods were on the plaintiffs' books charged to Dupuy alone delivered to him, or sent by drays to his ac⁻

dress, without any mention of the names of the other defendants; we think this does not alter the case. One partner binds the others when he purchases, in his own name, goods in which the partnership deals.

Eastern Dis't.
May 1827.

DENNISTOUN
& AL.
vs.
DEROYS &AL

The amount of goods delivered, and their value, is proved.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided, and reversed; and that the plaintiffs recover from the defendants two thousand six hundred and sixty-three dollars and forty-three cents, with costs in both courts.

*Eustis* for the plaintiffs, *Grymes* and *Lockett* for the defendants.